# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JILL MERTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-430 |
| ) | (Phillips) |
| ALTERRA HEALTHCARE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Jill Mertz brings this suit to recover damages resulting from the wrongful death of her mother Dorothy Collins. Ms. Collins was a resident at a nursing home operated by defendant Alterra Healthcare Corporation. This matter is before the court on plaintiff's motion to remand the case to state court on the grounds that the joinder of two non-diverse defendants has destroyed diversity jurisdiction. Defendant Atlerrra opposes remand. For the reasons which follow, plaintiff's motion to remand will be granted.

Plaintiff filed her initial action against defendant Alterra in the Circuit Court for Blount County, Tennessee. Defendant Alterra removed the case to this court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Since that time, plaintiff discovered the identity of previously unidentified parties who were involved in the conduct which provides the basis for the complaint, and filed a motion to amend her complaint.

Defendant Alterra did not oppose plaintiff's motion to amend, which was granted by the court. Plaintiff then filed her amended complaint adding two additional defendants: Elizabeth Andrews, a citizen of the State of Tennessee; and Mobile Images Acquisition, L.L.C. a corporation organized and operating under the laws of the State of Tennessee.

In a case premised upon this court's diversity jurisdiction, the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant may remove an action originally filed in state court to federal court on the basis of diversity jurisdiction "if there is complete diversity between all named plaintiffs, and all named defendants . . . ." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). In this case, at the time of removal, complete diversity existed between the named plaintiffs and all named defendants, and removal was proper.

However, even if removal was proper, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). Persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint. As the leading civil procedure treatise explains:

> Although jurisdiction will not be ousted by a subsequent change in parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the merits, a change in parties that goes to the very essence of the district court's ability to adjudicate the merits of the dispute effectively – most notably the addition of indispensable parties – may destroy it. The cases indicate that the court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to the state court will prejudice the defendant.

14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998). *See also Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536 (6th Cir. 2006) (substitution of Ohio residents for two John Doe defendants destroyed diversity and thus, district court's subject-matter jurisdiction).

Defendant Alterra argues that the addition of defendants Edwards and Mobile Images Acquisition constitutes fraudulent joinder. Defendant Alterra alleges that plaintiff joined these parties for the sole purpose of destroying subject matter jurisdiction, and that plaintiff is free to pursue any alleged claims against them in state court. To establish fraudulent joinder, a removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts," or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp. Inc.* 187 F.3d 422, 424 (4th Cir. 1999).

Here, plaintiff has alleged a valid cause of action against defendants Elizabeth Andrews and Mobile Images Acquisition for the wrongful death of Dorothy Collins. Plaintiff learned through discovery that defendant Andrews was the individual who was under a duty to care for Collins and who actually caused her fall and resulting injuries. Plaintiff alleges that defendant Mobile Images Acquisition failed to properly examine Collins after the fall and failed to discover the nature of her injuries. Thus, plaintiff states the negligent actions of these defendants caused or contributed to the death of Collins, and, as such, they were joined as necessary parties. The joinder of indispensable party defendants with the same citizenship as the plaintiff destroys jurisdiction under 28 U.S.C. § 1332. Because plaintiff and defendants Edwards and Mobile Images Acquisition are all residents of Tennessee, diversity jurisdiction no longer exists. Accordingly, because the post-removal joinder of defendants Elizabeth Andrews and Mobile Images Acquisition destroys diversity jurisdiction in this matter, this case must be remanded to state court.

In sum, the court finds that plaintiff timely brought the motion to amend her complaint after discovering the identity of the joined defendants; the parties will be disadvantaged if they have to pursue claims arising out of the same occurrence in both federal and state court; and that defendant Alterra has not shown that it will prejudiced by a remand of the case to state court. Accordingly, plaintiff's motion to remand [Doc. 11] is **GRANTED,** and this action is **REMANDED** to the Circuit Court for Blount County, Tennessee.

**ENTER:**

    s/ Thomas W. Phillips    
United States District Judge